USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 11/3/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALLSTARMARKETING GROUP, LLC, | 19-cv-5028 (ALC) (KHP) |
| Plaintiff, | |
| -against- | **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |
| ANGLE QQ BABY STORE, et al., | |
| Defendants. | |

**ANDREW L. CARTER, JR., United States District Judge:**

  This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition, copyright infringement and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Ice Genie Mark and Ice Genie Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

  The Court, having considered the Memorandum of Law, Affidavit of Brieanne Scully in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary following the Order.

### I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

### II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Fifty Thousand Dollars ($50,000.00) in statutory damages ("Individual Damages Award") against each and every Defaulting Defendant (a total of One Hundred (100) Defaulting Defendants) pursuant to 15 U.S.C. § 1117(c) of the Lanham Act for a total of Five Million Dollars ($5,000,000.00), plus post-judgment interest.

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defaulting Defendants, who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Ice Genie Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Ice Genie Mark and/or incorporating one or more of

b

the Ice Genie Works and/or artwork that is substantially similar to, identical to and constitute infringement of the Ice Genie Works;

B. directly or indirectly infringing in any manner any of Plaintiff's trademarks, copyrights or other rights in the Ice Genie Mark and Ice Genie Works; and

C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Ice Genie Mark and Ice Genie Works to identify any goods or services not authorized by Plaintiff;

D. using any of Plaintiff's Ice Genie Mark and Ice Genie Works, or any other marks or artwork that are confusingly or substantially similar to the Ice Genie Mark and Ice Genie Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Ice Genie Mark and Ice Genie Works, or bear any marks or artwork that are confusingly or substantially similar to the Ice Genie Mark and Ice Genie Works pursuant to 15 U.S.C. § 1118.

### IV. Order Authorizing Continued Alternative Service by Electronic Means

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means that was ordered in the Orders, shall be deemed effective as to Defendants, Financial Institutions and Third Party Service Providers through the

pendency of this action.

## V. Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for modification of the provisions of this Order;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

**Dated: November 3, 2021**
      New York, New York

_____
      **ANDREW L. CARTER, JR.**
      **United States District Judge**

**GLOSSARY**

| **Term** | **Definition** | **Docket Entry Number** |
|---|---|---|
| **Plaintiff or "Allstar"** | Allstar Marketing Group, LLC | N/A |
| **Defendants** | Adfaderal, bulienty, fabulouswayx, Goldbottled, Homeliving123, huiliyuan01, huiyuan-lamp, mayrecords_0, meiffff, newlife2018_t, pdrpro_2017, rightnowa, royave, sauplum, shoptopstar, small-sellers, tabletexpress_uk, tiancheng_digital, tophuntingshop, warmtake, wineda and yogadayogada | |
| **Defaulting Defendants** | Adfaderal, bulienty, fabulouswayx, Goldbottled, Homeliving123, huiliyuan01, huiyuan-lamp, mayrecords_0, meiffff, newlife2018_t, pdrpro_2017, rightnowa, royave, sauplum, shoptopstar, small-sellers, tiancheng_digital, warmtake, wineda and yogadayogada | N/A |
| **eBay** | eBay.com, a San Jose, California-based online marketplace and e-commerce platform owned by eBay Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price formats and ship their retail products, which, upon information and belief, originate from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including in New York | N/A |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **NAL** | New Alchemy Limited, a company that provides intellectual property infringement research services, to investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling counterfeit products on online marketplace platforms | N/A |
| **New York Address** | 105 Avenue B, Apt 4B, New York, NY 10009 | N/A |
| **Complaint** | Plaintiff's Complaint filed on May 30, 2019 | 7 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on May 30, 2019 | 11-15 |
| **De Marco Dec.** | Declaration of Jennifer De Marco in Support of Plaintiff's Application | 15 |

| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application | 14 |
|---|---|---|
| **Yamali Dec.** | Declaration of Danielle S. Yamali in Support of Plaintiff's Application | 13 |
| **Ice Genie Mark** | U.S. Trademark Registration No. 5,671,520 for "ICE GENIE" for a variety of goods in Class 21 with a constructive date of first use of April 10, 2018 | N/A |
| **Ice Genie Works** | U.S. Copyright Reg. PA 2-114-490, covering the Ice Genie Commercial, U.S. Copyright Reg. VA 2-121-201, covering the Ice Genie Instruction Manual, U.S. Copyright Reg. VA 2-130-462, covering the Ice Genie Packaging, and U.S. Copyright Reg. VA 2-114-583, covering the Ice Genie Website | N/A |
| **Ice Genie Product** | A revolutionary space saving ice cube maker and drink cooler with a double chamber design which can hold up to 120 ice cubes and has a tight lid seal which helps keep ice cubes fresh and free from any odors | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Ice Genie Mark and/or Ice Genie Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Ice Genie Mark and/or Ice Genie Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Ice Genie Mark and/or Ice Genie Works and/or products that are identical or confusingly or substantially similar to the Ice Genie Product | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as eBay, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products, including Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |

| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
|---|---|---|
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) | N/A |
| **Financial Institutions** | Any and all banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by eBay, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **May 30, 2019 Order** | May 30, 2019 Order denying in part and granting in part, Plaintiff's Application | N/A |
| **May 31, 2019 Order** | May 31, 2019 Order, inter alia, granting Plaintiff's request for expedited discovery | N/A |
| **July 15, 2019 Order** | July 15, 2019 Order extending the deadline for Plaintiff to serve Defendants until July 26, 2019 | N/A |
| **July 24, 2019 Order** | July 24, 2019 Order restraining Infringing Listings and Defendants' Assets with the Financial Institutions Located in the U.S. | N/A |
| **The Orders** | Collectively, the May 30, 2019 Order, May 31, 2019 Order, July 15, 2019 Order and July 24, 2019 Order | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on December 14, 2020 | TBD |
| **Scully Aff.** | Affidavit by Brieanne Scully in Support of Plaintiff's Motion for Default Judgment | TBD |